CASE No. 993.

## WINSMITH v. DEWBERRY.

1. Appeal was dismissed and order afterwards obtained in the Circuit Court for leave to enter up judgment for costs of appeal; meantime the fee-bill was amended. *Held,* that the costs were properly taxed under the fee-bill in force at the time the appeal was dismissed.
2. Proof of service and mileage by a witness, certified by a notary public, but not signed by the witness, is sufficient proof for clerk to act upon, in the absence of evidence to the contrary.
3. In action against a sheriff to recover cotton seized as the property of a third person, under an agricultural lien, the lienee is entitled to his costs as a witness against the plaintiff, who failed in his action.

Before WALLACE, J., Spartanburg, March, 1880.

John Winsmith against John Dewberry, sheriff. The opinion states the case.

*Mr. John Winsmith,* for appellant.

*Mr. S. J. Simpson,* contra.

March 11th, 1881. The opinion of the court was delivered by

SIMPSON, C. J. Appellant, in 1879, brought action in the Court of Common Pleas for Spartanburg county against the respondent, for the recovery of personal property—two bags of cotton—which respondent, as sheriff, had levied upon under an agricultural lien as the property of other parties. Appellant claimed the cotton as his. The jury rendered a verdict for defendant. Upon this verdict judgment was entered for costs—the costs, in the aggregate, amounting to $57.80. Appellant made a motion for a new trial, which was refused. Appellant appealed to this court. This appeal was heard at November Term, 1879, and was dismissed. The *remittitur* from this court was filed in the clerk's office for Spartanburg, January 10th,

1880. At the March Term thereafter the judgment of this court, on motion, was made the judgment of the court below, and an order made granting leave to respondent to enter up judgment for costs and disbursements of appeal. Accordingly, judgment for said costs was entered April 8th, 1880, the aggregate being $44.65. From this taxation of costs, and, also, from the taxation of the previous judgment, appellant excepted and brought the matter before the presiding judge of the July Term, 1880. Judge Mackey, by order, July, 1880, dismissed the appeal and affirmed the taxation by the clerk. From this order appellant has appealed to this court on three grounds:

1. That the costs should have been taxed under act of February 20th, 1880, instead of act of 1878.

2. The subpœnas were taxed without being proven according to law.

3. That the sum of $15 had been taxed for witness J. C. Wallace, who was the principal party.

As to the first ground, it will be seen from the dates herein above, that the whole case had been ended except the order for the entry of the last judgment before the passage of the act of February 20th, 1880. The case had been heard on appeal, and the *remittitur* sent down by January 10th, 1880, more than a month before the act of February. The entire costs had accrued under the previous act, and the order of April, 1880, simply granted leave that the costs which had thus accrued should be reduced to judgment. The appellant has certainly no ground to stand on here.

The objection to the subpœnas is, that the witnesses had not signed their names to the probate. It seems that the notary public before whom they were proven, simply endorsed the ordinary certificate that the witnesses had proven so many days' attendance and mileage before him, signing his name as notary public.

We are not advised of any law which requires more than this. This certificate was satisfactory to the clerk. It was by no means unusual, and, unless impeached by evidence to the contrary, we think the clerk was warranted in founding his taxation upon that mode of probate.

In the third exception appellant objects to the costs taxed for the witness, J. C. Wallace. The witness was the party in whose behalf the agricultural warrant had been issued, under which the respondent, sheriff, had seized the cotton. The action, however, was not against him, but was against the sheriff. He was a necessary witness to the defence of the sheriff; had been regularly subpœnaed; attended and testified; and we are not aware of any legal principle which precludes him from claiming the pay which the fee-bill allowed to witness.

The appeal is dismissed.

McIVER and McGOWAN, A. J.'s, concurred.